UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOLIVAR INVESTORS GROUP, L.L.C. | * | |
| & NEWTRAC WEST, L.L.C. | * | CIVIL ACTION NO.: |
|    PLAINTIFFS/MOVERS | * | |
| | * | SECTION: |
| VERSUS | * | |
| | * | JUDGE: |
| NEWTRAC COMPANIES II, L.L.C. | * | |
| & MARK A. HOFMANN | * | MAGISTRATE: |
|    DEFENDANTS/RESPONDENTS | * | |
| * * * * * * * * | | |

## COMPLAINT FOR AND MOTION TO CONFIRM ARBITRATION AWARD

Pursuant to 9 U.S.C.A § 9, Movers Bolivar Investors Group, L.L.C. ("Bolivar") and Newtrac West, L.L.C. ("Newtrac West") respectfully move this Court for an order, pursuant to 9 U.S.C.A. §§ 9 and 13, confirming a certain Award of Arbitrator made on November 8, 2010 in the matter of the arbitration between Bolivar and Newtrac West as Claimants and Newtrac Companies II, L.L.C. ("Newtrac Companies") and Mark A. Hofmann ("Hofmann") as Respondents and directing that judgment be entered accordingly. This motion is made on the following grounds:

## PARTIES, JURISDICTION & VENUE

1.

Mover Newtrac West is a limited liability company organized under the laws of the State of Louisiana and domiciled therein in St. Tammany Parish at 101 Inlet Drive, Slidell, Louisiana 70458.

2.

Mover Bolivar is a limited liability company organized under the laws of the State of Louisiana and domiciled therein in St. Tammany Parish at 101 Inlet Drive, Slidell, Louisiana 70458.

3.

Respondent Newtrac Companies is a limited liability company organized under the laws of the State of California and domiciled therein in the State of California.

4.

Respondent Hofmann is a person of the full age of majority who resides in and is domiciled in the State of California.

5.

Venue is proper under 9 U.S.C. § 9 because this is the district in which the arbitration award was made.

6.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the dispute is between citizens of different states and the matter in controversy exceeds the amount of $75,000.

## FACTS

7.

Newtrac West is a Louisiana limited liability company which was formed to develop two medical office buildings on an approximately 5-acre tract of ground adjacent to Lakeview Regional Medical Center in Covington, LA. Bolivar is the majority member of Newtrac West, owning a 51% membership interest in Newtrac West. Hofmann was initially to be a 50% member of Newtrac West, but when he failed to pay his capital contribution of $500,000, his company, Newtrac Companies, was listed as a 49% member of Newtrac West with Hofmann continuing to serve as a manager of Newtrac West.

8.

On February 27, 2009, the parties entered into an operating agreement, a copy of which is annexed hereto as Exhibit A to provide for the management and operation of Newtrac West. On December 31, 2009, the parties entered into an additional agreement, a copy of which is annexed hereto as Exhibit B that set forth their capital contribution obligations and provided for the distribution of funds from Newtrac West. On January 29, 2010, the parties entered into a new operating agreement, a copy of which is annexed hereto as Exhibit C. The provisions of Exhibits A, B and C are incorporated herein by reference.

9.

The contracts, copies of which are annexed hereto as Exhibits A, B and C evidence a transaction involving commerce within the meaning of 9 U.S.C.A. §§ 1 and 2 as is shown by the following facts: The project involved the design and construction of two medical office buildings with each building comprising approximately 60,000 SF. Bolivar's $3,000,000 capital contribution

was wire transferred from Bolivar's account at the Whitney National Bank in Louisiana to a bank account designated by Hofmann in the State of California. Thereafter, funds were transferred from the bank account in California to bank accounts within the State of Louisiana for the purpose of purchasing the approximately 5-acre tract in Covington, LA. Thereafter, Newtrac West hired a design-build contractor, MAPP Construction, L.L.C. ("MAPP") of Baton Rouge, LA, who in turn subcontracted with Gensler Architecture, Design & Planning, P.C. ("Gensler") of Houston, TX to design the first medical office building. MAPP and Gensler engaged other design professionals both within and outside of the State of Louisiana.

10.

Each of the two operating agreements (Exhibits A and C) contains an identical arbitration clause which, among other things, specifies that a judgment of a court of competent jurisdiction shall be entered on an award made pursuant to arbitration. The arbitration clause is set forth in Article XXXVII of each operating agreement.

11.

The following differences have arisen between Bolivar and Newtrac West on the one hand and Hofmann and Newtrac Companies on the other: Hofmann and Newtrac Companies failed to pay in their $500,000 capital contribution. Hofmann and Newtrac Companies misappropriated nearly $1,100,000 from Bolivar's $3,000,000 capital contribution. Their wrongful conduct, which was found to be fraudulent, caused the project to fail; resulted in MAPP filing a lien against the project and thereafter filing suit against Newtrac West, Hofmann and others; caused Bolivar and Newtrac West to incur expenses that would not have been incurred but for their wrongful acts; and deprived Bolivar and Newtrac West of the profits that would otherwise have been realized on the project had

Hofmann and Newtrac Companies made their own $500,000 capital contribution and not misused nearly $1,100,000 of Bolivar's capital contribution.

12.

Pursuant to the arbitration clause in the operating agreements, Bolivar and Newtrac West initiated a mediation/arbitration proceeding under the administration of the Association of Professional Arbitrators and Mediators, L.L.C. ("APAM"). Hofmann and Newtrac Companies were served with a copy of the papers initiating the proceeding by certified mail receipted for on May 27, 2010. A copy of these papers, including the certified mail return receipt, is annexed hereto as Exhibit D.

13.

APAM thereafter provided both sides with a list of possible mediators, but Respondents failed to return their list of acceptable mediators. On June 22, 2010, after numerous unsuccessful attempts to get Hofmann and Newtrac Companies to participate in the mediation phase of the proceeding, APAM's administrative arbitrator declared mediation futile and directed that the parties proceed with the arbitration phase.

14.

On June 24, 2010, Bolivar and Newtrac West re-filed their arbitration demand and paid the additional arbitration fee in order to proceed with the arbitration phase of the case. A copy of this arbitration demand was mailed to Hofmann and Newtrac Companies at the same mailing address as before, is annexed hereto as Exhibit E, and is incorporated herein by reference.

15.

On June 25, 2010, APAM sent both sides an additional copy of the demand for arbitration, along with a list of prospective arbitrators. A copy of this transmittal is annexed hereto as Exhibit F.

16.

On July 12, 2010, Bolivar and Newtrac West filed a motion and supporting memorandum for an interim order to obtain copies of certain bank records that were later used to show when, how and to whom Hofmann and Newtrac Companies had misappropriated Newtrac West's funds. This motion and memorandum recounted the history of the proceedings with a detailed discussion of the demand for arbitration filed on June 24, 2010. This document was sent by certified mail to Hofmann and Newtrac Companies at the same address as the previous mailings and was receipted for by them on July 30, 2010. A copy of this document, along with the certified mail return receipt, is annexed hereto as Exhibit G and is incorporated herein by reference.

17.

On July 28, 2010, following the continued failure of Hofmann and Newtrac Companies to return their rankings of prospective arbitrators, APAM appointed Gerard Wimberly, Jr., an attorney at McGlinchey Stafford and a member of APAM's arbitration panel, to act as the sole arbitrator. A copy of a document confirming Mr. Wimberly's appointment as arbitrator is annexed hereto as Exhibit H and is incorporated herein by reference.

18.

On September 15, 2010, Mr. Wimberly, as arbitrator, issued notice of a telephonic scheduling conference to be held on September 28, 2010 at 11:00 a.m. CDT, a which time a hearing date was

set. Again, Hofmann and Newtrac Companies failed to participate in the arbitration process without articulating any objections to the arbitration process.

19.

An arbitration hearing was held on November 2, 2010 in a conference room at Mr. Wimberly's law office in downtown New Orleans, but once again Hofmann and Newtrac Companies declined to participate.

20.

On November 8, 2010, Mr. Wimberly issued his award in writing, a copy of which is annexed hereto as Exhibit I and is incorporated herein by reference.

21.

Copies of the award were sent to Respondents by email, fax and Federal Express from the Arbitrator on November 23, 2010. Copies of these transmittals are annexed hereto as Exhibit J in globo and are incorporated herein by reference.

22.

To date, Respondents have not satisfied the award, nor have they filed any motions to vacate, modify or correct the award.

23.

No grounds exist for Respondents to vacate, modify or correct the award under the Federal Arbitration Act.

24.

Although Respondents have been given proper notice of all proceedings in this matter, Respondents have failed to refute Movers' claims and have not asserted any defenses.

25.

Bolivar and Newtrac West request an order confirming the aforesaid award and directing the entry of judgment on the award in favor of Bolivar and Newtrac West and against Hofmann and Newtrac Companies as follows:

1. The evidence offered at the hearing established that the Respondents had more than adequate notice of these arbitration proceedings and of the hearing held on November 2, 2010 and did not appear.

2. The evidence presented by Movers met Movers' burden of proof to show that Respondents engaged in material misconduct, including: misrepresentations that Respondents' capital contributions had been made when, in fact, such contributions were not made; misappropriations of monies belonging to Movers Newtrac West, L.L.C.; unexplained alterations of bank statements that seemed designed to conceal the true status of the accounts; misrepresentations that the general contractor, MAPP Construction, had been paid when, in fact, it had not been paid.

3. Based on the evidence presented by Movers, the Arbitrator's finding that Respondents engaged in a scheme to defraud Movers of substantial sums in the transactions at issue is confirmed.

4. On the claim for failure to fund their capital contribution, Respondents Mark A. Hofmann and Newtrac Companies II, L.L.C., jointly, severally and in solido shall pay Movers Newtrac West, L.L.C .the sum of FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($500,000.00), plus interest at the rate of 18% per annum from December 9, 2009 until paid.

5. On the claim for misappropriation of funds, Respondents Mark A. Hofmann and Newtrac Companies II, L.L.C., jointly, severally and in solido shall pay Movers Newtrac West, L.L.C. the sum of ONE MILLION NINETY-ONE THOUSAND FOUR HUNDRED EIGHTY-SIX AND 49/100 DOLLARS ($1,091,486.49), plus legal interest as determined under Louisiana law from May 21, 2010 until paid.

6. On the claim for damages based on lost profits, Respondents Mark A. Hofmann and Newtrac Companies II, L.L.C., jointly, severally and in solido shall pay Movers Newtrac West, L.L.C. the sum of ONE MILLION SIXTY-FOUR THOUSAND SEVENTY-SEVEN AND NO/100 DOLLARS ($1,064,077.00), plus legal interest as determined under Louisiana law from May 21, 2009 until paid.

7. On the claim for damages based on extra expenses incurred, Respondents Mark A. Hofmann and Newtrac Companies II, L.L.C., jointly, severally and in solido shall pay Movers Newtrac West, L.L.C. the sum of TWO THOUSAND SEVEN HUNDRED NINETY-ONE AND 50/100 DOLLARS ($2,791.50), plus legal interest as determined under Louisiana law from May 21, 2010 until paid.

8. On the claim for damages based on extra expenses incurred, Respondents Mark A. Hofmann and Newtrac Companies II, L.L.C., jointly, severally and in solido shall pay Movers Bolivar Investors Group, L.L.C. the sum of EIGHTY THOUSAND THIRTY-FOUR AND 17/100 DOLLARS ($80,034.17), plus legal interest as determined under Louisiana law from May 21, 2009 until paid.

9. On the claim for attorney's fees and expenses under Article XXIV of each operating agreement, Respondents Mark A. Hofmann and Newtrac Companies II, L.L.C., jointly, severally and in solido shall pay Movers Bolivar Investors Group, L.L.C. the sum of FORTY THOUSAND AND NO/100 DOLLARS ($40,000.00) in attorney's fees and TWELVE THOUSAND FIVE HUNDRED THIRTEEN AND 31/100 DOLLARS ($12,513.31) in filing fees and other litigation expenses, plus legal interest as determined under Louisiana law on each of the aforesaid sums from date of this award until paid.

10. This Judgment is in full settlement of all claims submitted to the aforesaid arbitration.

Bolivar and Newtrac West further pray for an award of all costs of this action and such other and further relief as law, equity and the nature of the case may permit.

Dated: December 14, 2010.

Respectfully submitted,

P. J. STAKELUM III (BRN 12390)
DAVID R. SHERMAN (BRN 12015)
PAOLA PAOLI CORRADA (BRN 28184)
CHEHARDY, SHERMAN, ELLIS, MURRAY, RECILE, GRIFFITH, STAKELUM & HAYES, L.L.P.
One Galleria Blvd., Suite 1100, Metairie, LA 70001
P. O. Box 931, Metairie, LA 70004-0931
Telephone: (504) 833-5600   Fax: (504) 833-8080
Attorneys for Movers Bolivar Investors Group, L.L.C. and Newtrac West, L.L.C.